[No. 14003.   Department Two.   September 18, 1917.]

THE CITY OF RAYMOND, *Appellant*, v. WILLAPA POWER COMPANY, *Respondent*.[1]

WATERS AND WATER COURSES—GRANT TO CITY—DEED.  All the title and interest of the grantor in and to the flow of the water of a stream is conveyed by a deed to a city granting the exclusive right and privilege to take and appropriate to its own use for all purposes any and all water flowing or which may hereafter flow into the stream over or across such prescribed lands of the grantor, together with the right to enter for the purposes of constructing flumes, pipe lines, etc.; and therefore precludes any subsequent grant by the owner of any remaining interest interfering with the water on the premises.

SAME—DIVERSION—INJUNCTION—RIGHT TO RELIEF.  Where a city, having secured the title to water, was proceeding with reasonable diligence to devote it to domestic purposes, injunction lies to prevent its use by a power company which intended to return it to the stream above the city intake; since the court knows judicially that its use by the power company would seriously endanger its purity, and such use under claim of right would ripen into prescriptive rights.

HOLCOMB, J., dissents.

Appeal from a judgment of the superior court for Pacific county, Mackintosh, J., entered October 19, 1916, dismissing an action for an injunction, after a trial before the court upon an agreed statement of facts.   Reversed.

*Robt. G. Chambers, Welsh & Welsh*, and *Wallace Mount, Jr.*, for appellant.

*Fred M. Bond*, for respondent.

FULLERTON, J.—The appellant, city of Raymond, sought by this action to enjoin the respondent, Willapa Power Company, from constructing a dam across a stream known as the South Fork of the Willapa river, and diverting the waters of the stream through flumes and pipes for a distance of some 900 feet and using the waters in the operation of a power

[1]Reported in 167 Pac. 914.

plant.   The cause was tried upon stipulated facts, and re-
sulted in a judgment in favor of the respondent.   The judg-
ment was rested on the recited conclusion that the respondent
was not interfering; nor threatening to interfere, with any
rights the appellant may have in the stream in question.
The ruling was made, however, and the judgment thereon
was entered, "without prejudice on the part of  .  .  .   the
city of Raymond, as to any other action against the  .  .  .
Willapa Power Company, should at any time hereafter said
defendant interfere in any manner with the rights granted
the city of Raymond."

The facts shown by the stipulation, in so far as we have
found them to be material, are in substance these: The city
of Raymond owns and operates a water plant by which it
supplies itself and its inhabitants with water for municipal
and domestic uses.   Its present supply of water is obtained
from a stream other than the South Fork of the Willapa
river.   The stream from which it obtains water, owing to
the growth of the city and the constantly increasing demand
for water, has proved insufficient as a source of supply, ne-
cessitating an additional supply from another source.   The
proper authorities of the city selected as the source for the
additional supply the branch of the stream named, and the
city, by appropriate resolutions and ordinances, has em-
powered itself to acquire, by purchase and condemnation, the
right to take from the last named stream at a designated
point a quantity of water equal to thirty cubic feet per one
second of time.   Since the water must be used for drinking
and other domestic uses, it is necessary that it be maintained
in its original purity from its source to the openings of its
intake pipes.   To enable it to do this, the city is now pro-
ceeding to obtain from the present owners of the soil between
the points named all the rights in the water they possess by
reason of such ownership.   In pursuance of the scheme, the
city purchased from the Raymond Water Company, the then
owner of the soil, "the exclusive right and privilege to take

and appropriate to its own use for any and all purposes, any and all of the water flowing, or which may hereafter flow, into the South Fork of the Willapa river, or any of the tributaries of said river, over, across, or through the following described real estate, situated in Pacific county, Washington, and described as follows, to wit:" certain specific parts and parcels of land lying in section 6 in township 13, north, of range 8, west of the Willamette Meridian. The deed of conveyance further granted and conveyed to the city

"the right to enter upon the said lands above described, or any part thereof, for the purpose of taking and appropriating said water or any part thereof, and for the purpose of laying and constructing flumes and pipe lines or both, and for the purpose of repairing, relaying, or renewing said pipe lines so as to convey and conduct said water from said lands in such manner and by such means as the second party [the city of Raymond] its successors and assigns may deem advisable. Also giving and granting unto the party of the second part the sole and exclusive right and privilege to overflow, flood, or back water upon all that part of the above described real estate situated in section six (6), township thirteen (13) north, range eight (8) west, W. M., including that part of the southeast quarter of the northwest quarter of said section six (6) in said township and range, not described in the above and foregoing description."

After the city had acquired the interests above described, the respondent, Willapa Power Company, purchased all of the remaining interests of the Raymond Water Company in and to the lands described, and later entered upon the lands and commenced the construction of a dam across the South Fork of the Willapa river, intending thereby to impound all of the waters of such stream, take the waters from the stream at the place of impounding and, by means of pipes and flumes, convey it to a power plant lower down the stream, where it will be used for developing electricity and then returned to the stream at a point above the city's contemplated

intake pipes.   It is this act on the part of the respondent
that the city seeks to enjoin in this proceeding.

The principal question discussed by the parties is the na-
ture of the rights acquired by the appellant by the deed from
the Raymond Water Company.   It is the respondent's con-
tention that the appellant acquired thereby an easement only,
while the appellant contends that it acquired not only an
easement in the lands described, but the absolute ownership ·
of the water itself, in so far as that ownership was vested in
the common grantor of the respective grantees.

It is our opinion that the record and the legal principles
applicable thereto support the contention of the appellant
rather than that of the respondent.   Turning to the deed,
it will be observed that the common grantor conveyed to the·
appellant the right and privilege to take and appropriate
any and all of the water flowing, or which may thereafter
flow, over, across or through the described lands, together
with the right and privilege of entering upon the land for
the purpose of taking and appropriating the water con-
veyed, with the privilege of laying and constructing flumes
and pipe lines thereon and renewing the same, so as to con-
duct and convey such water from the lands in such manner
as the grantee should deem advisable; also the privilege to
overflow or back water upon any part of the described land.
Clearly there is here something more than the grant of a
mere easement.   It is a grant of the water itself, conveying
to the grantee all of the title and interest therein, in so far
as such title was vested in the grantor by reason of the own-
ership of the fee of the lands.   As against the grantor, the
grantee can, under the terms of the grant, divert the water
from the stream prior to the time it reaches the lands, can
divert it at any point upon the lands, and may, by dams or
other obstructions, cause it to overflow, flood, or back upon
the lands, or it may, as matter of right, insist that it continue
to flow thereover as it is wont to flow by nature, free from
molestation by any one.   Any subsequent grant of the fee

of the lands is subject to these rights. The grantee can acquire thereby no higher or greater right than the grantor had remaining to convey, and any use or interference with the water on the premises by such subsequent grantee is an interference with property formerly granted, and is wrongful unless sanctioned by such former grantee.

The foregoing conclusions answer many of the contentions urged by the respondent in support of the trial court's judgment, since they are founded upon a different view of the rights conferred by the deed. These contentions we shall not further notice. The respondent further contends, however (and this seems to be one of the grounds upon which the trial court rested its judgment), that since courts do not issue injunctions or other extraordinary writs as a matter of course, but do so only where some substantial right of the complaining party is affected, the judgment is sustainable because it does not appear that the use intended to be made of the water by the respondent will work any substantial injury to the appellant. But to this there are a number of answers. No one may use the property of another, be that property water or property of other sorts, merely because that other is not at the time making a beneficial use of the property. Again, it was shown that the appellant purchased its grantor's right in the stream for the purpose of applying the water thereof in part to the domestic use of its inhabitants. There is no question that it is proceeding with reasonable diligence to acquire other outstanding rights to enable it so to do. For this purpose the water must be maintained free from pollution. The court knows judicially that modern science has demonstrated that the use of water in power plants and for other purposes where human beings must of necessity be in attendance about it seriously endangers its purity, rendering it unfit for human consumption. A third answer is that uses of this sort, if unchallenged, ripen into prescriptive rights. It is true that, in the case of *Wintermute v. Tacoma Light & Water Co.*, 3 Wash. 727, 29

Pac. 444, this reason was suggested as a ground for granting injunctive relief, and was held by the court insufficient. But the case was rested on its particular facts, the court holding that the circumstances of the case showed no danger of such a result. It was not denied that, in a proper case, the danger would be ground for injunctive relief. Here the attempted user is an open adverse user, founded on a claim of right, and will ripen into a prescriptive right if permitted to go on unchallenged for the statutory period.

Our conclusion is that the injunctive relief prayed for should have been granted. The judgment is reversed, and the cause remanded with instructions to enter a decree in accordance with the prayer of the appellant's complaint.

ELLIS, C. J., PARKER, and MOUNT, JJ., concur.

HOLCOMB, J. (dissenting)—Injunctions are not and should not be granted unless it sufficiently appears that irreparable injury is done or threatened for which no adequate remedy may be had at law. No such condition is shown to exist here. The judgment ought to be affirmed. I therefore dissent.