[No. 14003.   *En Banc.*   May 9, 1918.]

THE CITY OF RAYMOND, *Appellant,* v. WILLAPA POWER
COMPANY, *Respondent.*[1]

WATERS AND WATER COURSES—GRANT TO CITY—DEED.   Merely an
easement is granted for the purposes stated, and no title to the
water itself passes by a deed to a city granting the exclusive right
and privilege to take and appropriate to its own use for all purposes
any and all water flowing or which may hereafter flow into the
stream over or across described lands of the grantor, together with
the right to enter for the purpose of constructing flumes, pipe
lines, etc., and also the privilege of flooding or backing water upon
the premises; hence the owner of the servient estate may make such
use of it as is not inconsistent with the easement granted (Over-
ruling, on rehearing, *Id.*, 98 Wash. 317; Fullerton, Mount and Main,
JJ., dissenting).

SAME—GRANT TO CITY—EASEMENT—ADVERSE USE.   If a water deed
conveyed merely an easement to take and appropriate water, lay
pipe lines, and flood or back water upon the premises, there can
be no adverse title by prescription, where there was no interference,
either present or threatened, with the easement and rights granted.

Appeal from a judgment of the superior court for
Pacific county, Mackintosh, J., entered October 19,
1916, dismissing an action for an injunction, after a
trial before the court upon an agreed statement of
facts.   Affirmed.

*Robert G. Chambers, Welsh & Welsh,* and *Wallace*
*Mount, Jr.,* for appellant.

*Fred M. Bond,* for respondent.

ON REHEARING.

WEBSTER, J.—This case was originally heard and de-
cided in Department Two.   After the opinion was filed,
which may be found in 98 Wash. 317, 167 Pac. 914, a
petition for a rehearing was granted and the case was
thereafter considered by the whole court.   The facts,

[1]Reported in 172 Pac. 1176.

which are fully set forth in the departmental opinion, are correct with the exception that the court was in error in stating that the water to be diverted by respondent's dam for power purposes would be returned to the stream at a point *above* the city's contemplated intake pipes. By reference to the blue print or map which was filed as an exhibit in the case, as well as to the findings of the trial court, we ascertain that the power dam of respondent in section 6 in township 13, north, range 8, west, W. M., is several miles below the intake dam which appellant contemplates constructing in section 19, and the water diverted will be returned to the stream about 900 feet below respondent's dam.

All of the judges agree that a proper solution of the questions presented depends upon the nature of the rights acquired by appellant under the deed from the Raymond Water Company; the respondent contending that the instrument conveyed an easement only, while appellant insists that it acquired the absolute ownership of the water itself. In the former opinion, it was held that:

"It is a grant of the water itself, conveying to the grantee all of the title and interest therein, in so far as the title was vested in the grantor by reason of the ownership of the fee of the lands. As against the grantor, the grantee can, under the terms of the grant, divert the water from the stream prior to the time it reaches the land, can divert it at any point upon the lands, and may, by dams or other obstructions, cause it to overflow, flood, or back upon the lands, or it may, as a matter of right, insist that it continue to flow thereover as it is wont to flow by nature, free from molestation by anyone."

A majority of the court are of the opinion that in thus construing the deed the department was in error, our present view being that the deed conveyed to appellant merely an easement for the purposes therein

stated.   The granting clause of the deed, in so far as it relates to the property here involved, reads: .

"Also giving and granting unto the party of the second part, its successors and assigns, the exclusive right and privilege to *take and appropriate* to its own use for any and all purposes any or all of the water flowing, or which may hereafter flow, into the south fork of the Willapa river or any of the tributaries of said river, over, across or through the following described real estate.   [Here follows a description of the property.] Also giving, granting and conveying unto the party of the second part, its successors and assigns forever, the right to enter upon the said lands above described or any part thereof for the purpose of taking and appropriating said water or any part thereof, and for the purpose of laying and constructing flumes and pipe lines or both and for the purpose of repairing, relaying or renewing said pipe lines so as to convey and conduct said water from said lands in such manner and by such means as the second party, its successors and assigns, may deem advisable.   Also giving and granting unto the party of the second part the sole and exclusive right and privilege to overflow, flood, or back water upon all that part of the above described real estate."

Thus it will be seen the deed does not purport to convey to appellant title to the land itself, nor the right to erect a dam thereon.   The extent of the privilege granted is to take and appropriate the water, to enter upon the lands for the purpose of laying and constructing pipes and flumes thereon, with the right to repair, relay or renew the same as necessity may require; also, the privilege of flooding or backing water upon the premises.

Prior to the execution of the deed to appellant, the Raymond Water Company had never used or appropriated the water for any purpose, its right thereto being merely that of a riparian owner.   No title to the water itself passed by the deed, which, by its terms, merely granted the privilege of taking and appropriat-

ing the water and performing certain acts essential to the accomplishment of such purpose. *Crook v. Hewitt,* 4 Wash. 749, 31 Pac. 28; *Rigney v. Tacoma Light & Water Co.,* 9 Wash. 576, 38 Pac. 147, 26 L. R. A. 425; *Benton v. Johncox,* 17 Wash. 277, 49 Pac. 495, 61 Am. St. 912, 39 L. R. A. 107; *New Whatcom v. Fairhaven Land Co.,* 24 Wash. 493, 64 Pac. 735, 54 L. R. A. 190; *Still v. Palousè Irrigation & Power Co.,* 64 Wash. 606, 117 Pac. 466; *Saunders v. Bluefield Waterworks & Imp. Co.,* 58 Fed. 133; 2 Kinney, Irrigation and Water Rights (2d ed.), § 772; 40 Cyc. 552.

Holding, as we do, that the right acquired by appellant under the deed was merely an easement to take and appropriate the water, it follows that the owner of the servient estate may make such use of it as is not incompatible or inconsistent with the easement granted. *Hayward v. Mason,* 54 Wash. 649, 104 Pac. 139, 59 Am. Rep. 61; *Burnham v. Nevins,* 144 Mass. 88, 10 N. E. 494; *Colegrove Water Co. v. Hollywood,* 151 Cal. 425, 90 Pac. 1053, 13 L. R. A. (N. S.) 904; *Hoyt v. Hart,* 149 Cal. 722, 87 Pac. 569; *St. Joseph Valley R. Co. v. Galligan,* 120 Mich. 468, 79 N. W. 685; *Smith Canal or Ditch Co. v. Colorado Ice & Storage Co.,* 34 Colo. 485, 82 Pac. 940, 3 L. R. A. (N. S.) 1148.

Since the respondent acquired all the right and title to the property, subject only to the easement conveyed by the prior deed to appellant, it may devote the property to any use it may see fit which is not inconsistent with the easement granted. It is not contended that appellant's right to take and appropriate the water is being interfered with or threatened; the theory of appellant's case being that it is the absolute owner of the water and that respondent's present and contemplated use of the same constitutes a continuous or repeated trespass which will be enjoined in equity. Moreover,

the decree of the lower court, in express terms, provides:

"This action is dismissed without prejudice on the part of the appellant, the city of Raymond, as to any other action against the defendant, Willapa Power Company, should at any time hereafter said defendant interfere in any manner whatsoever with any of the rights granted to the said city of Raymond, which said city of Raymond may have by virtue of that certain deed executed on the 17th day of August, 1915, wherein the Raymond Water Company is grantor and the city of Raymond is grantee, . . . it being at the time decreed that the defendant in this action is not now interfering and is not threatening to interfere with any rights the plaintiff in this action may have under and by virtue of said deed."

In the former opinion, the department took judicial notice of the fact that modern science had demonstrated that the use of water in power plants and for other purposes where human beings must of necessity be in attendance about it seriously endangers its purity, rendering it unfit for human consumption. This however, was upon the assumption that the water which respondent intends to divert to its power plant would be returned to the stream at a point above appellant's contemplated intake pipes. As we have already noted, such is not the fact, and, in the nature of things, a pollution of a stream at a point miles below appellant's intake dam could not affect the purity of the water entering its intake pipes.

It is also suggested in the departmental opinion that, if respondent's present or intended use of the property should remain unchallenged, such use might ripen into a title by prescription. This argument is necessarily predicated upon the construction placed by the department upon the deed to appellant. Since we now hold that the deed conveyed a mere easement, and there

is no interference, either present or threatened, with the rights therein granted, this argument must fail. There can be no title by prescription, as a matter of law, where there has been no adverse or hostile assertion of rights as a matter of fact. *Wintermute v. Tacoma Light & Water Co.*, 3 Wash. 727, 29 Pac. 444.

Should respondent, at any time hereafter, assert the right to take any action which may be hostile or adverse to the enjoyment of the rights conveyed by appellant's deed, there is ample protection afforded by the provisions of the decree above set forth. The judgment is affirmed.

ELLIS, C. J., HOLCOMB, CHADWICK, and PARKER, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to concur in the opinion of the majority. I think it wrong in its construction of the deed, the operative parts of which are recited in the opinion, but I am clear that it is wrong for another reason. The cause was tried upon an agreed stipulation as to the facts. This stipulation contains the following provisions:

"That plaintiff is the owner of and is maintaining and operating a water plant and water works, and by and with the same is furnishing and supplying said city of Raymond and the inhabitants thereof with water for domestic uses and for municipal uses and purposes, and the point on the south fork of the Willapa river where the plaintiff is taking water from said river for such purposes is in the northeast quarter of the southwest quarter of section 31, township 14 north, range 8, west W. M., and that the city of Raymond and the inhabitants thereof depend entirely upon the waters of the south fork of the Willapa river so taken out of the south fork of the Willapa river for domestic use and for municipal uses and purposes. That the said water supply is inadequate to meet the requirements

and necessities of said city and the inhabitants thereof, and that said city of Raymond and the inhabitants thereof depend upon the plaintiff's water plant for a supply of water for domestic uses and municipal uses and purposes.

"That, in order to furnish and supply an adequate amount of fresh water for said city of Raymond and the inhabitants thereof, it is necessary that plaintiff use the water of said south fork of the Willapa river at the point and place aforesaid where plaintiff intends and proposes to locate its dam and works, to the extent of 30 cubic feet of water per second of time, and by said dam and works impound said waters and divert the same and carry the same into and through the city of Raymond for the purpose, in said city, of supplying said city and the inhabitants thereof with an adequate supply of fresh water for domestic uses and municipal uses and purposes; and that, in order that plaintiff may protect said water from pollution, it is necessary that plaintiff use the lands above described for said purposes and the same is necessary and required by the plaintiff for said uses and purposes, and the object of said condemnation suit is for said purposes and for the purpose of supplying the city of Raymond and the inhabitants with water for domestic use and for municipal uses and purposes.

"That the city of Raymond is the owner of the water and also the land at the place aforesaid where it takes said water out of said south fork of the Willapa river. That the city of Raymond has expended a large sum of money, to wit: the sum of $140,000, and the said water plant consists of dams, water pipes, reservoir, pumping station, supply and distribution mains, and the water is taken from said south fork of the Willapa river at the place hereinabove mentioned and said water is used by the city of Raymond for the purpose of supplying the city and the inhabitants thereof with water for domestic use and municipal uses and purposes; and the city of Raymond intends to continue to operate its said water plant and system to furnish said water to its inhabitants thereof for domestic use and municipal uses and purposes."

The land described as the place where the city of
Raymond is now taking water from the river named
is below the place on the stream where the respondent
is constructing its power plant.   The opinion, there-
fore, is in error in assuming that the city is not mak-
ing use of the waters of the stream below the place of
location of the respondent's plant.   It is true that the
city contemplates changing its place of diversion from
a point below to a point above the place, and while I
freely confess a mistake in this and in another regard
in my statement of the fact in the former opinion, the
principle on which the opinion rests remains the same.
The city desires to keep the water which it uses free
from the possibility of pollution, and, in my opinion,
the deed is sufficient to enable it to do this by the rem-
edy of injunction, even if it does not convey title to the
water flowing over the land in dispute.

That there is danger of pollution from this source
is evidenced by the fact that the city has already found
it necessary to resort to the public health officers to
maintain cleanliness about the respondent's works.
The health of so considerable a community as the city
of Raymond being at stake, there ought not to be any
too nice refinements in the construction of its deeds of
conveyance, and it is too much of a refinement to say
that it acquired nothing by its deed other than what it
already had as a lower riparian proprietor on the
stream.

MOUNT and MAIN, JJ., concur with FULLERTON, J.