[No. 16551. Department One. January 11, 1922.]

THE CITY OF RAYMOND, *Respondent,* v. B. F. ARMSTRONG
*et al., Appellants,* PACIFIC & EASTERN RAILWAY
COMPANY, *Respondent.*[1]

WATERS AND WATER COURSES (68)—CONTRACTS—GRANT OF EASE-
MENT — DEEDS — RIGHTS OF SUBSEQUENT GRANTEES — CONSTRUCTION.
Where the owner of lands grants to a water company the sole right
to take, carry away and use all the water from certain streams
flowing over or across his lands, in consideration of an annual rental,
an easement in the land is created, and the right to such annual
rental passes to any subsequent grantee who acquires the land by
warranty deed, subject to the water company's easement.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered April 27, 1921, upon
findings in favor of certain defendants, in an action
in interpleader, tried to the court. Affirmed.

*Fred M. Bond,* for appellants.

*Welsh & Welsh,* for respondent.

MITCHELL, J.—B. F. Armstrong and Minnie R.
Armstrong, husband and wife, were the owners of the
N. E. ¼ of the N. W. ¼ of sec. 24, and the S. E. ¼
of the S. W. ¼ of sec. 13, township 14, north, of range
9, west, W. M., in Pacific county, and on June 19, 1906,
entered into a contract with the Raymond Light &
Water Company, at that time operating a water system
and supplying water to the town of Raymond, to the
effect and upon terms as follows:

"Now Therefore, for and in consideration of the
sum of $75 to be paid to the first parties by the second
party on or before the first day of April of each and
every year in advance, the said parties of the first part
do sell and convey, unto the party of the second part,
its successors and assigns forever, the sole and ex-

[1]Reported in 203 Pac. 50.

clusive right to take, carry away and use all water of and from said two certain streams of water, creeks or springs, which are upon or flowing over or across said land above described. Also the right to enter upon said land, or any part thereof and to build dams, reservoirs, tanks, pumping station, water flumes or water pipes, and to renew, repair, alter, take up, change, relay and maintain the same or any part thereof, and to take and use said water or any part thereof in such manner as the second party may desire."

It was further agreed if the second party failed to pay the $75 when due, or for ten days thereafter upon written demand, the first parties could terminate the contract.

The Raymond Light & Water Company entered upon the lands and made the necessary improvements, including the placing of pipe lines for conveying water to the town of Raymond, which system is still being used for that purpose. On October 24, 1912, Armstrong and wife executed and delivered to A. C. Little a warranty deed to the real property, providing in the deed as follows:

"This conveyance is subject to an easement and water rights according to the terms of one certain contract executed June 19, 1906, and recorded in volume 32 of deeds on page 633. Said contract conveying the right to the Raymond Light & Water Company, a corporation, to take and use the water in two certain streams or creeks running over and across the above-described lands."

On November 2, 1912, A. C. Little and wife executed and delivered to the Pacific & Eastern Railway Company a warranty deed to the real property, and provided in the deed as follows:

"This conveyance is subject to an easement and water rights according to the terms of one certain contract executed June 19, 1906, and recorded in volume

32 of deeds on page 633. Said contract conveyed the right to the Raymond Light & Water Company, a corporation, to take and use the water in two certain streams or creeks running over and across the above described lands."

Subsequent to the dates of the above mentioned instruments, the Raymond Light & Water Company transferred all its rights and privileges under its contract with Armstrong and wife to the Raymond Water Company, which latter company transferred all its rights and privileges under the contract to the city of Raymond, on May 17, 1915. The city being unable to decide who was entitled to the rentals due, commenced this action in interpleader against the defendants and deposited into the registry of the court three years' rental already due. The superior court decided that the Pacific & Eastern Railway Company was entitled to the funds, and from that judgment the Armstrongs have appealed.

The question presented depends upon the nature of the rights conveyed by the Armstrongs to the Raymond Light & Water Company on June 19, 1906. That instrument conveyed "unto the party of the second part, its successors and assigns forever, the sole and exclusive right to *take, carry away and use all water* of and from said two certain streams of water, creeks or springs, which are upon or flowing over or across said land above described", together with the right of entry and the doing of certain things necessary to accomplish the primary purpose. The character of the instrument is essentially similar to the one that was under consideration in *Raymond v. Willapa Power Co.,* 102 Wash. 278, 172 Pac. 1176, which granted "unto the party of the second part, its successors and assigns, the exclusive right and privilege to *take and appro-*

*priate* to its own use for any and all purposes any or all of the water flowing, etc.,'' together with the right to enter and lay flumes and pipes and the right of repairing, relaying and renewing them so as to conduct the water, with the right also to overflow and flood back the water upon all of the lands, of which it was said: ''No title to the water itself passed by the deed, which, by its terms, merely granted the privilege of taking and appropriating the water and performing certain acts essential to the accomplishment of such purpose.''

Appellants contend the contract with the Raymond Light & Water Company created an easement in gross. It may be admitted. When the easement was created, the fee of the land remained in the grantors, the Armstrongs, subject to the conditional easement, and as said in the case of *Pinkum v. City of Eau Claire*, 81 Wis. 301, 51 N. W. 550, ''being the owners in fee of the land, they could, of course, convey it to another; and their grantee would stand in their shoes.'' In this case the Pacific & Eastern Railway Company does not claim as an assignee of a mere right of action in favor of the Armstrongs in the sum of $75 per annum rental for the privilege the city enjoys, but it claims as a subsequent grantee and owner in fee of lands burdened with an easement granted upon condition and, standing in the shoes of its original grantors, is entitled to receive the $75 per year, just as the Armstrongs would had they never conveyed the fee. The case is similar to that of a conveyance by the owner of leased premises which carries to the grantee in the deed rents subsequently accruing.

The warranty deeds from Armstrong and wife to Little and from Little and wife to the Pacific & Eastern Railway Company were made without any reservation or exception, but subject to an easement, which was

manifestly referred to in the deeds to prevent liability on the general covenant of warranty contained in each of those deeds.

Judgment affirmed.

PARKER, C. J., TOLMAN, and BRIDGES, JJ., concur.