[No. 12187-9-III.   Division Three.   August 3, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. GERALD EUGENE VANVALKENBURGH, *Appellant.*

---

*Lewis M. Schrawyer,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Jack T. Brooks, Deputy,* for respondent.

THOMPSON, C.J. — Gerald E. VanValkenburgh appeals his conviction for second degree malicious mischief. He contends the information charging him was defective and there was insufficient evidence to support the verdict.[1] We affirm.

---

[1]During oral argument, Mr. VanValkenburgh withdrew his assignment of error based on the trial court's refusal to instruct the jury on diminished capacity. Accordingly, we do not address the issue raised by that assignment of error.

At approximately 11:30 p.m. on July 25, 1991, two volunteers with the Spokane Police Department saw Gerald E. VanValkenburgh break windows in a building located at West 1608 Boone. The building was owned by Walt Worthy and leased to the Washington State Office of Support Enforcement.

Mr. VanValkenburgh was arrested and charged with second degree malicious mischief. His trial commenced on December 18, 1991.

At trial, Mr. VanValkenburgh testified he had two children, aged 2½ and 7½, who lived with their respective mothers. He had not seen either child for 2 years and had never paid child support. Several years earlier, his property had been levied on by the Office of Support Enforcement, an action he contended was illegal. According to Mr. VanValkenburgh, it was against his religious principles to pay child support.

Mr. VanValkenburgh did not deny breaking the windows. He said he did it for the public good, out of agony, and as a means "to get into court". The jury found him guilty as charged. He timely filed this appeal.

## CHARGING DOCUMENT

Mr. VanValkenburgh contends the information charging him was constitutionally defective because it named the lessee of the damaged property, not its owner.

According to Mr. VanValkenburgh, the property owner's name is an essential element of second degree malicious mischief and failure to include it requires reversal. He relies, in part, on *State v. Leach*, 113 Wn.2d 679, 690, 782 P.2d 552 (1989).

Whether statutory or nonstatutory, all essential elements of an alleged crime must be included in the charging document. This affords the accused notice of the nature of the allegations so he or she can properly prepare a defense. *State v. Kjorsvik*, 117 Wn.2d 93, 102, 812 P.2d 86 (1991). When the sufficiency of a charging document is raised for the first time on appeal, as it is here, it will be construed

more liberally in favor of validity. *Kjorsvik*, at 102. The test is as follows:

(1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?

*Kjorsvik*, at 105-06.

The information at issue charged Mr. VanValkenburgh with the crime of second degree malicious mischief. It reads:

That the defendant, GERALD EUGENE VANVALKENBURGH, in Spokane County, Washington, on or about July 25, 1991, did knowingly and maliciously cause physical damage in excess of $250 to windows, the property of Washington State Office of Support Enforcement.

█ The essential elements of second degree malicious mischief are the knowing and malicious damage of property belonging to another in an amount exceeding $250. RCW 9A.48.080. While the property must belong, at least in part, to someone other than the accused, the failure to name the fee owner in the information does not make the information constitutionally defective under the *Kjorsvik* test. Unlike the charging document at issue in *Leach*,[2] the essential facts appear, or by fair construction are contained, in the information here.

As to the naming of the lessee of the property in the information, not its owner, Mr. VanValkenburgh has failed to allege and prove actual prejudice resulting therefrom. *Leach*, at 695-96. *See also State v. Schaffer*, 120 Wn.2d 616, 620, 845 P.2d 281 (1993) and cases cited therein.

### SUFFICIENCY OF EVIDENCE

Mr. VanValkenburgh also contends his conviction must be reversed because the evidence was insufficient to prove he

---

[2]In *Leach*, the charging document failed to inform the accused that one of the victims was under the age of 14. That information was crucial because the statute at issue made it a gross misdemeanor to expose oneself to a person under 14 years of age, while it was a misdemeanor if the victim was 14 years of age or older.

maliciously caused over $250 damage to the property of the Office of Support Enforcement. He contends there is no evidence to show he either knew or had any malice toward Walt Worthy, the owner of the property, and since the evidence only showed malice toward support enforcement, there was a complete failure of theory and proof to support his conviction. *State v. Green*, 94 Wn.2d 216, 220-21, 616 P.2d 628, 631-32 (1980). The evidence is that Walt Worthy, rather than support enforcement, paid to have the damage repaired.

■ To constitute malicious mischief, the defendant must act knowingly and with malice. RCW 9A.48.080. Malice imports an evil intent, wish, or design to vex, annoy, or injure another person and may be inferred from an act done in willful disregard of another's rights or an act wrongfully done without just cause or excuse. RCW 9A.04.110(12). A person acts knowingly if he is aware of facts or circumstances or results described as a crime. RCW 9A.08.010(1)(b)(i). A jury is permitted to find actual subjective knowledge if there is sufficient information which would lead a reasonable person to believe that a fact exists. *State v. Johnson*, 119 Wn.2d 167, 174, 829 P.2d 1082 (1992).

■ The evidence clearly proved knowing conduct and malice by Mr. VanValkenburgh toward support enforcement. Since support enforcement, as lessee, had a property interest in the building, and Mr. VanValkenburgh knowingly and with malice damaged it in an amount exceeding $250, the evidence was sufficient to support his conviction. *Green*, at 220-21. The term "property of another" in RCW 9A.48.080 is broader than a fee ownership interest.

■ Even if we were to conclude that intent to harm the owner of damaged property is required, the doctrine of transferred intent likewise supports Mr. VanValkenburgh's conviction. Intent against any person generally may be transferred to another if that other is injured. *Cf. State v. Cogswell*, 54 Wn.2d 240, 244-45, 339 P.2d 465 (1959) (dicta). *See also State v. Clinton*, 25 Wn. App. 400, 606 P.2d 1240, *review denied*, 93 Wn.2d 1026 (1980).

We affirm.

MUNSON and KENNEDY, JJ., concur.