[No. 40056-1-II.   Division Two.   February 17, 2011.]

THE STATE OF WASHINGTON, *Appellant*, v. SCOTT ROSS NEWCOMB, *Respondent*.

186

*David J. Burke, Prosecuting Attorney,* and *David Busta-mante, Deputy,* for appellant.

*Jordan B. McCabe,* for respondent.

¶1 WILLIAMS, J.[*] — The State appeals the trial court's order granting Scott Newcomb's pretrial motion to dismiss a charge of first degree malicious mischief. We reverse and remand.

## FACTS

¶2 Newcomb's mother owns land subject to a roadway easement that provides the sole means of access to Tim Kredlo's neighboring property. Kredlo bought his property from Peter Stone, Amy Stone, and Ricki Bayne in late 2005.

¶3 In 2004, the Stones and Bayne sued Newcomb and his mother over the Stones' right to use the easement and Newcomb's alleged interference with that right. The trial court found that Newcomb's mother owned property that was subject to a nonexclusive easement for purposes of ingress, egress, and utilities, and that Newcomb had interfered with the use of that easement by felling a tree to block it, piling brush upon it, digging it out, tying a rope across it, and threatening Amy Stone if she attempted to improve it.

¶4 The trial court entered a decree permanently enjoining the Newcombs from interfering with the Stones' use or improvement of the easement or with any such use by their successors in interest. Kredlo and his wife bought the Stones' property a month later.

¶5 The following summer, Kredlo added a gravel road with a construction value of $12,000 to the easement. Shortly thereafter, Newcomb told Kredlo that the road was illegal. Kredlo returned to the property a few months later and found Newcomb on a payloader, scraping gravel from the road. Most of the gravel had been removed from about 800 feet of the roadway. After reporting the incident to the sheriff, Kredlo returned to the property and found that the remaining gravel had been removed and piled along the road, that the roadbed had been dug down and churned to

---

[*] Judge Kenneth D. Williams is serving as judge pro tempore of the Court of Appeals, Division Two, under CAR 21(c).

a depth of two to three feet, and that three large stumps or root balls had been placed in the roadway, making it impassable. There were tire tracks leading from the area to the Newcomb property. Kredlo provided the sheriff's office with a repair estimate of $7,263.56.

¶6 The State charged Newcomb with one count of first degree malicious mischief. Newcomb responded by filing a motion to dismiss under *State v. Knapstad*, 107 Wn.2d 346, 356, 729 P.2d 48 (1986). Newcomb argued in part that the facts could not support the malicious mischief charge because Kredlo did not own any portion of the easement. The State's response included copies of the civil decree enjoining Newcomb's interference with the easement as well as the supporting findings of fact and conclusions of law. The State argued that Kredlo had a property interest in the easement and its improvements that supported the malicious mischief charge.

¶7 The trial court agreed with Newcomb and granted the motion to dismiss. The State now appeals that dismissal.

## DISCUSSION

### A. Standard of Review

¶8 In a *Knapstad* motion, a defendant alleges by sworn affidavit that there are no material disputed facts and that the undisputed facts do not establish a prima facie case of guilt.[1] *Knapstad*, 107 Wn.2d at 356. When evaluating a *Knapstad* challenge to the sufficiency of the evidence, the trial court considers the evidence and reasonable inferences therefrom in the light most favorable to the State. *State v. Jackson*, 82 Wn. App. 594, 608, 918 P.2d 945 (1996), *review denied*, 131 Wn.2d 1006 (1997). Since the court is not to rule on factual questions, no findings of fact should be entered. *Knapstad*, 107 Wn.2d at 357. On appeal, we conduct a de novo review of a trial court's decision to dismiss

---

[1] The procedure to be followed for *Knapstad* motions is delineated by CrR 8.3(c), effective September 2008.

and again view the facts and inferences in the light most favorable to the State. *State v. O'Meara*, 143 Wn. App. 638, 642, 180 P.3d 196 (2008). Our role in assessing the propriety of granting a *Knapstad* motion does not include deciding which version of events is correct. *State v. Groom*, 133 Wn.2d 679, 693, 947 P.2d 240 (1997). "The issue is whether the State has sufficiently countered Defendant's claim that there are no material disputed facts and that the undisputed material facts do not establish a prima facie case of guilt." *Groom*, 133 Wn.2d at 693.

¶9 In responding to Newcomb's motion, the State attached a copy of the civil decree entered against him as well as the supporting findings of fact. Newcomb did not object to these materials below, but he appears to argue on appeal that the State is citing inadmissible hearsay by referring to those findings. This admissibility challenge is made clear only in his statement of additional authority and is waived. *See State v. Smith*, 155 Wn.2d 496, 501, 120 P.3d 559 (2005) (failure to raise hearsay objection below waives it on appeal); *State v. Freigang*, 115 Wn. App. 496, 508, 61 P.3d 343 (2002) (Morgan, J., concurring) (when defendant challenges sufficiency with a *Knapstad* motion, the trial court needs to determine admissibility "to the extent it is contested" and then turn to sufficiency), *review denied*, 149 Wn.2d 1028 (2003).

## B. First Degree Malicious Mischief

¶10 The State argues initially that material disputed facts bar Newcomb's *Knapstad* motion because he disputes the existence of the easement and does not concede that he damaged it. Newcomb responds that, for the purposes of his motion, he is conceding that the State could prove he inflicted damage on a portion of his land that was subject to an easement in favor of a neighboring parcel owned by Kredlo. He argues, however, that in doing so he did not damage the "property of another," as the malicious mischief

statute requires, and that the State's prosecution therefore fails as a matter of law.[2]

¶11 A person is guilty of malicious mischief in the first degree if he knowingly and maliciously causes physical damage to the property of another in an amount exceeding $1,500. Former RCW 9A.48.070(1)(a) (1983). "Property of another" is property in which the defendant possesses anything less than exclusive ownership. RCW 9A.48.010(1)(c); 13A SETH A. FINE, WASHINGTON PRACTICE: CRIMINAL LAW § 1702, at 203 (2d ed. Supp. 2010-11). Consequently, a person can be convicted of malicious mischief for damaging any property in which another person has a possessory or proprietary interest. 13A SETH A. FINE & DOUGLAS J. ENDE, WASHINGTON PRACTICE: CRIMINAL LAW § 1704, at 357 (2d ed. 1998); *see also State v. VanValkenburgh*, 70 Wn. App. 812, 816, 856 P.2d 407 (1993) (stating, before statutory definition was enacted, that "property of another" is broader than fee ownership interest). Whether the defendant or someone other than the intended victim also has an interest in the property makes no difference; "it is necessary only that the property belong at least in part to someone other than the accused." 13A FINE & ENDE, *supra*, § 1704, at 357; *VanValkenburgh*, 70 Wn. App. at 816.

¶12 The State argues that Newcomb does not possess exclusive ownership of the easement for two reasons. First, the property containing the easement is in his mother's name; Newcomb merely manages the property on his mother's behalf. Second, even if Newcomb is his mother's agent and thereby has assumed an ownership interest in the property, the easement conveys important rights to Kredlo.[3]

---

[2] The statute was amended in 2009 to increase the damage amount to $5,000. LAWS OF 2009, ch. 431, § 4 (effective July 26, 2009). The former statute was in effect at the time of Newcomb's alleged misconduct.

[3] Newcomb claims that the State did not allege below that his mother owned the easement and that this new argument should be barred by the doctrine of judicial estoppel. The State asserted below that Newcomb was not the owner of record and lacked any ownership interest in the property, and we see no inconsistency that triggers judicial estoppel. *See Miller v. Campbell*, 164 Wn.2d 529, 539, 192 P.3d 352 (2008) (judicial estoppel precludes party from asserting one position in court proceeding and later seeking an advantage by taking clearly inconsistent position).

¶13 Easements are property rights or interests that give their holder limited rights to use but not possess the owner's land. *City of Olympia v. Palzer*, 107 Wn.2d 225, 229, 728 P.2d 135 (1986); *see also* 17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 2.1, at 80 (2d ed. 2004) (easements give holders "rights that were contained within the right of possession and carved out of it by the owner of the possessory estate: sticks taken out of the bundle"). If the easement is nonexclusive, as it is here, the owner may use his property in any way that does not impair the easement holder's rights. *City of Raymond v. Willapa Power Co.*, 102 Wash. 278, 281, 172 P. 1176 (1918); *Hayward v. Mason*, 54 Wash. 649, 652, 104 P. 139 (1909). Accordingly, Kredlo's easement arguably deprives Newcomb of the exclusive ownership rights he would otherwise have in the roadway on his property.

¶14 Moreover, Kredlo made significant improvements to the easement by installing a gravel road. When an easement holder makes improvements to the easement, the distinction between "use" and "possession" blurs; the holder may make substantial uses that look much like possession. 17 STOEBUCK & WEAVER, *supra*, § 2.1, at 81. The State argues persuasively that even if Kredlo had no possessory interest in the easement itself, he had a possessory interest in the improvements he paid for and that these improvements qualify as the "property of another" for purposes of a malicious mischief prosecution.

¶15 The State attempts to bolster its argument that Newcomb damaged the property of another by pointing to the more general definition of "property" contained in the criminal code. "Property" is there defined as "anything of value, whether tangible or intangible, real or personal." RCW 9A.04.110(22). Kredlo's interests in the easement and its improvements fit easily into that definition, but it is the more specific definition of "property of another" that controls in a malicious mischief prosecution. RCW 9A.48.010(1)(c).

¶16 We acknowledge that no published authority in Washington holds that damaging improvements to an easement can support a charge of malicious mischief. *But see State v. Martin*, 2009 UT App 43, 204 P.3d 875; *State v. Stedman*, 2001 MT 150, 306 Mont. 65, 30 P.3d 353 (both originating with criminal mischief charges based on easement disputes). Washington law clearly provides, however, that the easement at issue created an interest in real property. *McPhaden v. Scott*, 95 Wn. App. 431, 434, 975 P.2d 1033, *review denied*, 138 Wn.2d 1017 (1999). Even if it was a use rather than an ownership interest, its existence deprived Newcomb of an exclusive ownership interest in the roadway. Moreover, when Kredlo paid for improvements to the easement, he gained a possessory interest that further affected Newcomb's ownership rights. When viewed in the light most favorable to the State, the evidence is sufficient to show that Newcomb physically damaged the property of another when he destroyed the gravel road on Kredlo's easement.[4] The value of Kredlo's easement right was diminished by Newcomb's actions.

¶17 The State also was required to prove damages in excess of $1,500 to support the first degree malicious mischief charge, and it submitted an estimate of the road's repair costs to satisfy that element. For purposes of the malicious mischief statute, physical damage includes, "in addition to its ordinary meaning, . . . any diminution in the value of any property as the consequence of an act." RCW 9A.48.100(1). The "ordinary meaning" of damages under RCW 9A.48.100 includes the reasonable cost of repairs to restore injured property to its former condition. *State v. Gilbert*, 79 Wn. App. 383, 385, 902 P.2d 182 (1995); *State v. Ratliff*, 46 Wn. App. 325, 328-29, 730 P.2d 716 (1986), *review*

---

[4] We decline Newcomb's apparent invitation to apply the rule of lenity, finding no ambiguity in the malicious mischief statutes. *See State v. Jacobs*, 154 Wn.2d 596, 601, 115 P.3d 281 (2005) (if statute is ambiguous, rule of lenity requires us to interpret it in the defendant's favor absent contrary legislative intent).

*denied*, 108 Wn.2d 1002 (1987). The State has shown, by submitting a $7,000 repair estimate, that Newcomb damaged the property of another in excess of $1,500.

¶18 Finally, the State must show that Newcomb acted knowingly and maliciously. Other jurisdictions have reversed criminal convictions based on property damage to easements where the damage inflicted was not based on malice or an intent to endanger property. *See Commonwealth v. Moll*, 375 Pa. Super. 147, 150-54, 543 A.2d 1221 (1988) (no cause of action for criminal mischief where defendant cut pipe in easement to protect his property from flooding), *appeal denied*, 522 Pa. 611 (1989); *Rosenberg v. State*, 164 Md. 473, 165 A. 306, 307 (1933) (new trial ordered where defendants were not allowed to testify that they removed post from easement in an attempt to preserve easement rights). Newcomb argues that if his mother owned the easement, the State cannot prove malice because it cannot show that she was his intended victim. As the above analysis shows, however, Kredlo had possessory interests in the gravel road independent of any other interests, and the facts demonstrate Newcomb's intent to endanger those interests. When viewed in the light most favorable to the State, the evidence shows that he acted maliciously when he destroyed Kredlo's improvements to the easement.

¶19 We conclude that the State produced sufficient evidence to overcome Newcomb's *Knapstad* motion. Consequently, we reverse the trial court's order of dismissal and remand for proceedings in accordance with this opinion.

WORSWICK, A.C.J., and QUINN-BRINTNALL, J., concur.

Review denied at 172 Wn.2d 1005 (2011).