[No. 13758-9-III. Division Three. September 21, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT E. GILBERT, *Appellant*.

*Paul J. Wasson II*, for appellant.

*David M. Sandhaus, Prosecuting Attorney* and *Donald G. Miller, Special Deputy Prosecutor*, for respondent.

MUNSON, J. — Robert E. Gilbert appeals his conviction of second degree malicious mischief. He contends the trial court erred in holding damages in a malicious mischief case include sales tax. We hold sales tax was properly included and affirm.

On August 23, 1993, Ritzville Chief of Police, David McCormick, responded to a reported assault. Adams County Deputy Sheriff, John Hunt, served as backup to Chief McCormick. The officers arrested Mr. Gilbert, handcuffed his hands behind his back, and placed him into the rear seat of Chief McCormick's patrol car. As soon as the officers closed the car door, Mr. Gilbert began kicking the right rear door. Deputy Hunt opened the door and told Mr. Gilbert to stop or he would be hog-tied. Mr. Gilbert stopped kicking, but when the Deputy closed the door he noticed the top of the doorframe was sprung out away from the body of the car about three and one-half inches.

After getting an estimate, Chief McCormick had the car repaired. The estimate totaled $266.06: $39.50 for parts, $208.00 for labor, and $18.56 sales tax. The final bill was the same as the estimate. As a result of the incident, Mr. Gilbert was charged with second degree malicious mischief, RCW 9A.48.080.[1] Mr. Gilbert elected to be tried to the court without a jury. The court found that Mr. Gilbert

---

[1]At the time of the offense, the relevant portions of RCW 9A.48.080 were:

385

had caused physical damage in excess of $250 to the patrol car and found him guilty.

Mr. Gilbert contends the trial court erred by including sales tax in the measure of damages. He argues there is no authority to support the inclusion of sales tax and that without sales tax the damages to the patrol car were only $247.50, below the $250 threshold of RCW 9A.48.080.

██ For the purpose of determining the degree of malicious mischief, damages are defined in RCW 9A.48.100: Damages, in addition to its ordinary meaning, "includes any diminution in the value of any property as the consequence of an act." The ordinary meaning of damages includes the reasonable cost of repairs to restore injured property to its former condition. *State v. Ratliff*, 46 Wn. App. 325, 328-29, 730 P.2d 716 (1986), *review denied*, 108 Wn.2d 1002 (1987); *see also* WAC 458-20-189(13).

Mr. Gilbert argues the city, as a municipal corporation, is exempt from sales tax; however, he is mistaken. Although political subdivisions are exempt from property tax, Wash. Const. art. VII, § 1, the Washington Supreme Court has ruled that sales tax is an excise tax to which that exception does not apply. *Morrow v. Henneford*, 182 Wash. 625, 631, 47 P.2d 1016 (1935).

Here, the city properly paid sales tax as an unavoidable cost of repairs to the patrol car. In this case, the trial court was correct in stating "what you pay to get the damage repaired is what the damage is." The trial court did not err by including sales tax in the measure of damages.

---

(1) A person is guilty of malicious mischief in the second degree if he or she knowingly and maliciously:

(a) Causes physical damage to the property of another in an amount exceeding two hundred fifty dollars; or

(b) Creates a substantial risk of interruption or impairment of service rendered to the public, by physically damaging or tampering with an emergency vehicle or property of the state, a political subdivision thereof, or a public utility or mode of public transportation, power, or communication.

Although RCW 9A.48.080 has been amended since Mr. Gilbert's offense, that amendment does not materially affect the portion of the statute relevant here. Laws of 1994, ch. 261, § 17.

Affirmed.

SWEENEY, A.C.J., and SCHULTHEIS, J., concur.