[No. 84066-1.   En Banc.]
Argued March 17, 2011.     Decided June 9, 2011.

THE STATE OF WASHINGTON, *Respondent*, v. JEREMY MICHAEL ANDERSON, *Petitioner*.

*Peter B. Tiller* (of *The Tiller Law Firm*), for appellant.

*Michael K. Dorcy, Prosecuting Attorney,* and *Timothy W. Whitehead, Deputy,* for respondent.

*Andrew K. Miller* and *Emily K. Sullivan* on behalf of Washington Association of Prosecuting Attorneys, amicus curiae.

¶1 C. JOHNSON, J. — This case asks us to determine whether the admission of statements from a sexual assault clinic nurse concerning a child's sexual molestation, although "testimonial" and subject to the defendant's right of confrontation under the Sixth Amendment to the United States Constitution, was harmless. Relying on *Crawford v. Washington,* 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), the Court of Appeals held that the child's statements to the nurse were nontestimonial because the statements were made under circumstances indicating that the nurse was conducting a medical examination. The State has now conceded that the nurse's recitation of the child's statements was "testimonial," and we conclude any error resulting from admitting the testimony was harmless. Therefore, we affirm the Court of Appeals' decision on different grounds.

## FACTS

¶2 The State charged Jeremy Anderson with first degree child molestation for alleged sexual contact with a minor

child, M.A.E. Clerk's Papers (CP) at 167. The State asserted that Anderson lured M.A.E. into a public restroom, persuaded M.A.E. to lie down on his back, then got on top of him and engaged in sexual conduct. CP at 123. Pursuant to RCW 10.58.090(2), the State gave notice that it intended to offer evidence of Anderson's conduct in two prior uncharged sex offenses. The first of these prior uncharged offenses is at the center of this case and involved an allegation of sexual molestation made by C.C.S., an 11-year-old male. The second uncharged offense involved another allegation of sexual molestation but was provided by a different child, K.R.P. CP at 124-27. Anderson does not contest the trial court's admission of testimony pertaining to K.R.P.'s allegations.

¶3 C.C.S.'s disclosures regarding Anderson were the product of a specific sequence of events. While at school in November 2003, C.C.S. disclosed that he had been raped before (by someone other than Anderson). C.C.S. was taken aside and discussed the incident with a school counselor, who contacted local police. During a forensic interview with a police detective, C.C.S. then revealed that Anderson had molested him in either October 2000 or October 2002. CP at 125-26.

¶4 Following the forensic interview with the detective, C.C.S. was taken to the Sexual Assault Clinic at Providence St. Peter Hospital, where he was examined by Nancy Young, a registered nurse practitioner. The record before us is unclear as to who transported C.C.S. to the clinic or what length of time elapsed between the detective's interview and nurse Young's examination. Prior to beginning her examination, nurse Young was made aware of the statements C.C.S. had made to the detective. Once again, the record is unclear regarding precisely how Young obtained the information revealed by C.C.S. during his interview with the police detective. It is clear, however, that nurse Young did not acquire this information directly from C.C.S. 6 Verbatim Report of Proceedings (VRP) at 152-57.

¶5  In response to a pretrial motion, the trial court issued findings that C.C.S.'s statements to nurse Young satisfied the analysis required for admission under RCW 10.58.090 and that the statements were nontestimonial under *Crawford*, 541 U.S. 36. 6 VRP at 149.

¶6  During trial, the State did not call C.C.S. to testify against Anderson. Instead, the nurse testified about her interaction with C.C.S. When asked about C.C.S.'s history, nurse Young stated:

> The history was that [C.C.S.] had made a disclosure that an acquaintance, Jeremy Anderson, had touched his penis. And Jeremy had gotten on top of [C.C.S.] and rubbed his penis on—on [C.C.S.'s] penis. And that that was a concern that there possibly could have been more contact. But that was—that was the history I had at the time.

6 VRP at 155. Young further testified that she followed up with C.C.S. regarding his allegations against Anderson:

> I explained to him that I knew he had spoken with a detective about what had happened. And was there anything additional or anything that he had forgotten to say to the detective. And he said no, not really. That he had—he lived down the block from them. He didn't mention specifically who he was. But he stated that he didn't have any pain that day that we saw him at the clinic. And that his body was fine.

6 VRP at 155. In addition to nurse Young's testimony, the State also introduced evidence that Anderson had inappropriate sexual contact with K.R.P. in another uncharged case. With regard to K.R.P., the State presented the testimony of the investigating detective and an affidavit signed by Anderson admitting to his misconduct. 6 VRP at 133-38. Furthermore, the State presented M.A.E., the young victim in this case, to testify in court. M.A.E. testified that Anderson took him into a public bathroom, laid on top of him, and rubbed his penis against his. M.A.E. identified Anderson as his assailant. 5 VRP at 24-35; 6 VRP at 128-29. Based on this evidence, the jury convicted Anderson of first degree child molestation. CP at 13-23.

¶7 Anderson appealed, arguing that the trial court erred by permitting nurse Young to testify as to C.C.S.'s statements. Division Two of the Court of Appeals affirmed Anderson's conviction, holding that Anderson's right to confrontation was not violated by nurse Young's testimony because nurse Young testified as to statements made during a medical examination, not a forensic interview. *State v. Anderson*, noted at 153 Wn. App. 1026, 2009 WL 4646214, 2009 Wash. App. LEXIS 3066.

## ISSUE

¶8 *Whether error in allowing a sexual assault clinic nurse to testify regarding a child's prior testimonial statements to a police detective was harmless.*

## ANALYSIS

¶9 The issues and arguments in this case have shifted from those previously presented to the Court of Appeals. At the Court of Appeals, Anderson challenged the trial court's decision to admit nurse Young's testimony regarding statements C.C.S. made against Anderson. The arguments centered on Anderson's right to confrontation under the Sixth Amendment to the United States Constitution.

¶10 Relying principally on *Crawford*, 541 U.S. 36, Anderson argued that C.C.S.'s statements to nurse Young were testimonial because these statements were obtained under circumstances indicating they would be used in a later criminal prosecution. Anderson asserted that nurse Young's questioning of C.C.S. was done to further a police investigation and that the role of the sexual assault clinic was intertwined with law enforcement.

¶11 The Court of Appeals rejected those arguments by concluding that C.C.S.'s statements during nurse Young's examination were provided for the purposes of medical diagnosis and treatment, not to enable the criminal prosecution of Anderson. The appellate court relied on nurse Young's characterization of the examination and the type of

nonleading questions nurse Young asked to hold that C.C.S.'s statements were nontestimonial under *Crawford*.

¶12 We granted Anderson's petition for review, which challenged the Court of Appeals' confrontation clause analysis. To this court, Anderson again argues that nurse Young was acting mainly in a governmental capacity during her examination of C.C.S, thereby making C.C.S.'s statements testimonial. Anderson notes that the name of the clinic implies that it investigates cases stemming from crimes and that nurse Young had knowledge of the police investigation prior to examining C.C.S. Anderson concludes that the error in admitting nurse Young's testimony cannot be harmless because no forensic evidence supported the allegations.

¶13 The Mason County prosecutor did not file any responsive briefing in this court. However, the Washington Association of Prosecuting Attorneys (WAPA) filed an amicus brief that essentially addresses the specific facts involved in this case. An attorney for WAPA presented oral argument, during which the Mason County prosecutor acknowledged its agreement with WAPA's presentation of the case and WAPA's authority to act concerning the case (collectively, both parties are "the State").[1] In the course of oral argument, the State conceded that nurse Young's testimony regarding C.C.S.'s statements as related to her from the detective were erroneously admitted.[2] The State argues that excluding nurse Young's testimony, the remaining evidence overwhelmingly supports Anderson's conviction.

¶14 Given the State's concession, the Court of Appeals' reasoning on the confrontation issue has now become unnecessary. We neither approve nor disapprove of the appel-

---

[1] Wash. Supreme Court oral argument, *State v. Anderson*, No. 84066-1 (Mar. 17, 2011), at 27 min., 29 sec., *audio recording by* TVW, Washington State's Public Affairs Network, *available at* http://www.tvw.org.

[2] Wash. Supreme Court oral argument, *State v. Anderson*, No. 84066-1 (Mar. 17, 2011), at 21 min., 26 sec., *audio recording by* TVW, Washington State's Public Affairs Network, *available at* http://www.tvw.org.

late court's analysis because, at this time, we need only resolve the issue of whether allowing nurse Young to testify regarding C.C.S.'s prior testimonial statements to the detective was harmless error.

¶15 A constitutional error is harmless if the appellate court is assured beyond a reasonable doubt that the jury verdict is unattributable to the error. *State v. Watt*, 160 Wn.2d 626, 635, 160 P.3d 640 (2007). This court employs the " 'overwhelming untainted evidence' " test and looks to the untainted evidence to determine if it so overwhelming that it necessarily leads to a finding of guilt. *State v. Guloy*, 104 Wn.2d 412, 426, 705 P.2d 1182 (1985).

¶16 The State presented compelling evidence against Anderson, and we are convinced the error of admitting nurse Young's testimony was harmless. The State presented the victim, M.A.E., who identified Anderson and provided unrefuted testimony regarding Anderson's molestation. M.A.E.'s in-court testimony was particularly reliable because it was corroborated by testimony from the counselor to whom M.A.E. initially disclosed the molestation and by testimony from the police detective who interviewed M.A.E. after his disclosure. This testimony is not challenged by Anderson. The jury also heard from a police detective who testified that Anderson admitted molesting a different child on at least two occasions. Notably, Anderson neither objected to this testimony nor challenges it here. Last, the trial court provided the jury with a limiting instruction requiring the jury to find that all the elements of the current offense were proved, regardless of Anderson's prior sexual misconduct. Nurse Young's cursory testimony concerning Anderson occupies less than one page of the trial transcript. Given the amount of evidence presented and the fact that nurse Young's testimony added little, if any, evidence to prove the elements of the current charge against Anderson, we find that the trial court's error in admitting nurse Young's testimonial statements was harmless.

## CONCLUSION

¶17 The State concedes that nurse Young's statements regarding C.C.S.'s allegations against Anderson were testimonial. Therefore, Anderson was improperly denied his right to confrontation. However, such error was harmless because of the amount of compelling evidence remaining against Anderson. Accordingly, we affirm the Court of Appeals' decision on different grounds.

MADSEN, C.J., and ALEXANDER, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, and WIGGINS, JJ., concur.