
FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2013 APR 29 AM 8: 32

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | No. 67936-8-I |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KEITH RICHARD CRAIG, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 29, 2013 |
| | ) | |

DWYER, J. — Keith Craig was convicted of residential burglary, theft in the second degree, and malicious mischief in the second degree based upon an incident in which he forced his way into a residence and stole several items of property. Craig appeals from his conviction of malicious mischief in the second degree, contending, first, that the evidence adduced at his trial was insufficient to support the jury's verdict and, second, that the charging document failed to apprise him of the essential elements of this crime. In addition, Craig contends that the rapid recidivism aggravator—which permits an exceptional sentence where a jury determines beyond a reasonable doubt that an offender committed his or her crimes shortly after release from incarceration—is unconstitutionally vague as applied to the facts of his case. These claims are without merit.

No. 67936-8-I/2

Accordingly, we affirm.

I

On April 7, 2011, at approximately 2:00 p.m., Nancy Cifuentes returned home to discover that her Seattle residence had been burglarized. Both her bedroom and the bedroom of her roommate had been ransacked, and several items of jewelry were missing from the home. In addition, both doors of the rear entrance were badly damaged. The mesh of the external screen door had been torn, and a large hole had been cut through the paneling of the wooden door behind it. Cifuentes noticed an old gardening knife—typically stored in her garage—lying near the rear entrance of the house. She immediately called the police.

Officers arrived at the scene shortly thereafter. The officers determined that the burglar had likely entered the home through the rear entrance. Suspecting that the gardening knife had been used by the burglar to cut through the two doors, one of the officers searched the knife for fingerprints. Two latent prints of comparison value were lifted from the knife.

A latent print examiner with the Seattle Police Department thereafter examined the prints. The examiner determined that the prints matched the fingerprints of Keith Craig, a convicted felon. Craig, whose criminal record included several prior convictions of residential burglary, had recently been imprisoned for violating the terms of his community custody stemming from those convictions. He had been released on March 24, 2011, just 14 days before the burglary of Cifuentes' home.

- 2 -

Craig was thereafter charged with residential burglary, theft in the second degree, and malicious mischief in the second degree.[1] In addition, the State alleged that Craig committed his crimes "shortly after being released from incarceration, as defined by RCW 9.94A.535(3)(t)."

Following a jury trial, Craig was convicted as charged. In a bifurcated trial, the jury determined by special verdict that Craig committed his crimes shortly after his release from incarceration.

At sentencing, the State sought an exceptional sentence based on two statutory aggravating factors. First, the State argued, the "rapid recidivism" aggravator set forth by RCW 9.94A.535(3)(t) justified an exceptional sentence. Second, because Craig's high offender score would result in several of his current offenses going unpunished, the State contended that the free crimes doctrine set forth by RCW 9.94A.535(2)(c) also justified a sentence above the standard range.

The trial court thereafter imposed an exceptional sentence on the residential burglary charge and imposed high-end consecutive sentences on the other two counts. The court explained that the exceptional sentence was justified both by the jury's finding of rapid recidivism and by the free crimes doctrine.

Craig appeals.

II

Craig first contends that, given the evidence adduced at his trial, no

---

[1] The State also charged Craig with an additional count of residential burglary based on an unrelated incident. This count was severed by the trial court. A jury trial on that charge ended in a mistrial.

rational jury could have determined beyond a reasonable doubt that the damage to the rear entrance of Cifuentes' home exceeded $750. Because such proof was required for the jury to convict him of malicious mischief in the second degree, Craig contends that the evidence is insufficient to support the jury's verdict. We disagree.

A challenge to the sufficiency of the evidence requires that we determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Brockob, 159 Wn.2d 311, 336, 150 P.3d 59 (2006). All reasonable inferences must be drawn in the prosecution's favor and interpreted most strongly against the defendant. State v. Hosier, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Moreover, we must defer to the trial of fact with regard to issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. State v. Fiser, 99 Wn. App. 714, 719, 995 P.2d 107 (2000).

A person commits malicious mischief in the second degree where he or she knowingly and maliciously causes physical damage to the property of another in an amount exceeding $750. RCW 9A.48.080(1)(a). Damage includes the reasonable cost of repairs to restore the damaged property to its former condition. State v. Gilbert, 79 Wn. App. 383, 385, 902 P.2d 182 (1995). Even where there is conflicting testimony regarding the amount of damage, we will find

the evidence sufficient to support a conviction so long as there is evidence from which a rational jury could determine that this element was proved. State v. Coria, 146 Wn.2d 631, 641, 48 P.3d 980 (2002).

Here, there was ample evidence adduced to support the jury's verdict. Cifuentes testified that it cost $1,100 to repair the damage to the rear entryway of her home. She told the jury that she replaced the screen door due to a large rip in the screen and because the door would no longer properly close and latch following the robbery. The wooden rear door, the integrity of which was compromised by a large hole in its paneling, was also replaced by Cifuentes. A photograph of the wooden door, detailing the damage, was introduced into evidence. Cifuentes testified that none of this damage existed prior to Craig's unlawful entry of her residence.

Given this evidence, and drawing all reasonable inferences in the prosecution's favor, we have no difficulty in concluding that a rational jury could have found beyond a reasonable doubt that the damage to Cifuentes' residence exceeded $750. Although Craig contends that the testimony of another witness contradicts portions of Cifuentes' testimony, we do not make credibility determinations on appeal. Instead, in such circumstances, we must defer to the trier of fact. See Coria, 146 Wn.2d at 641. The evidence is sufficient to support Craig's conviction of malicious mischief in the second degree.

III

Craig next contends that the information charging him with malicious mischief in the second degree was deficient because it failed to allege that Craig damaged multiple items of property as a result of a common scheme or plan. We disagree.

An accused person has a constitutional right to be informed of the charge he or she is to meet at trial. State v. Pelkey, 109 Wn.2d 484, 487, 745 P.2d 854 (1987). Accordingly, the charging document must include all essential elements of a crime in order to apprise the accused of the charges and allow the preparation of a defense. State v. Pineda-Pineda, 154 Wn. App. 653, 670, 226 P.3d 164 (2010). When the sufficiency of a charging document is first raised on appeal, however, it must be liberally construed in favor of validity. State v. Kjorsvik, 117 Wn.2d 93, 104-05, 812 P.2d 86 (1991).

As discussed above, in order to convict a person of malicious mischief in the second degree, the State must prove that the person "cause[d] physical damage to the property of another in an amount exceeding [$750]." RCW 9A.48.080(1)(a). The State is permitted to aggregate the amount of damage to multiple items of property only in narrow, statutorily defined circumstances. Only where the multiple items of property are damaged "as a result of a common scheme or plan," is aggregation permitted to reach the $750 threshold. RCW 9A.48.100(2).

We recently considered the implications of this statutory language in State v. Rivas, 168 Wn. App. 882, 278 P.3d 686 (2012), review denied, 176 Wn.2d

1007 (2013). In Rivas, the defendant was charged with malicious mischief in the second degree for causing damage to two different vehicles. 168 Wn. App. at 885. In order to reach the $750 threshold necessary to prove this crime, the State aggregated the value of the damages to both vehicles—each of which constituted a separate item of property. 168 Wn. App. at 890. However, given the plain language of the statute, we concluded that "a common scheme or plan is an essential element of second degree malicious mischief where the State aggregates the value of damages to more than one *item* of property." 168 Wn. App. at 889. Because the charging document failed to allege such a scheme or plan, we reversed the defendant's conviction. 168 Wn. App. at 890-91.

Craig contends that here, as in Rivas, the State aggregated the value of damage to multiple items of property in order to reach the $750 threshold. He asserts that the two doors damaged by Craig during the forced entry of Cifuentes' residence constitute two separate items of property. Accordingly, he contends, the State was required to allege in the information the existence of a common scheme or plan as an essential element of the charge of malicious mischief in the second degree.

Craig's reliance on Rivas, however, in plainly misplaced. In contrast to that case, here, Craig was charged with causing damage to a single item of property: "a residence, the property of Nancy Cifuentes." The State did not charge Craig, as he now asserts, with damaging "two doors." The components of a single piece of real property—the doors, the windows, the walls, or the roof—do not constitute separate items of property within the meaning of the

- 7 -

malicious mischief statute. The State need not allege a common scheme or plan in every instance in which a single item of property is composed of items that could be further separated. The Legislature clearly did not intend such an absurd result.

Here, Craig was charged with malicious mischief in the second degree based upon physical damage to a single item of property. In such circumstances, a common scheme or plan is not an essential element of the crime. Accordingly, the charging document was constitutionally sufficient.

IV

Craig next asserts that RCW 9.94A.535(3)(t), the rapid recidivism aggravator, is unconstitutionally vague. He contends that the statute—which requires the State to prove beyond a reasonable doubt that a defendant has committed his or her crimes "shortly after being released from incarceration"— lacks a limiting definition that permits an objective application by the jury. We disagree.

Our Supreme Court has made clear that, because sentencing guidelines neither define conduct nor "allow for arbitrary arrest and criminal prosecution by the State," "the due process considerations that underlie the void-for-vagueness doctrine have no application in the context of sentencing guidelines." State v. Baldwin, 150 Wn.2d 448, 459, 78 P.3d 1005 (2003). Because "nothing in these [sentencing] guideline statutes requires a certain outcome, the statutes create no constitutionally protectable liberty interest." Baldwin, 150 Wn.2d at 461. Relying on Baldwin, we have likewise so held. State v. Duncalf, 164 Wn. App. 900, 911-

12 n.2, 267 P.3d 414 (2011), review granted, 173 Wn.2d 1026, 273 P.3d 982 (2012).

Nevertheless, Craig asserts that the holding of Baldwin has been eroded by the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Neither case, however, directly addresses the issue at hand. As the Seventh Circuit has noted in a similar context,

> [i]f a court of appeals could disregard a decision of the Supreme Court by identifying, and accepting, one or another contention not expressly addressed by the Justices, the Court's decisions could be circumvented with ease. They would bind only judges too dim-witted to come up with a novel argument.

Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago, IL, 567 F.3d 856, 858 (7th Cir. 2009), rev'd on other grounds by McDonald v. City of Chicago, IL, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010).

We will not so lightly depart from our Supreme Court's precedent. Craig's challenge to the sentencing guidelines on vagueness grounds is unavailing.[2]

## V

Finally, in a statement of additional grounds, Craig asserts that his exceptional sentence is "clearly excessive" and that the trial court erred by

---

[2] Craig additionally contends that the trial court erred by instructing jurors that they must be unanimous in order to answer "no" to the special verdict question regarding the statutory aggravator. However, subsequent to the filing of briefing in this case, our Supreme Court unanimously rejected this argument and expressly approved the instruction given by the trial court. State v. Guzman Nuñez, 174 Wn.2d 707, 285 P.3d 21 (2012). Accordingly, there was no error.

including several prior juvenile convictions when calculating Craig's offender score.[3] We disagree.

With regard to Craig's first contention, we do not perceive Craig's sentence to be unduly harsh. Reversal of a sentence that is outside the standard sentence range is warranted where a reviewing court determines that "the sentence imposed was clearly excessive or clearly too lenient." RCW 9.94A.585(4). However, we will reverse on this basis only where we determine that the trial court abused its discretion in imposing the sentence. State v. Hale, 146 Wn. App. 299, 308-09, 189 P.3d 829 (2008). Here, at the time of sentencing, Craig's criminal record included eight prior convictions of residential burglary, two convictions of burglary in the second degree, as well as convictions of forgery and trafficking in stolen property. His three current convictions only added to that total. As the trial court noted, an exceptional sentence was justified both by the jury's finding of rapid recidivism and by the free crimes doctrine. The court clearly articulated its reasons for imposing an exceptional sentence, and sentenced Craig to a term of imprisonment within the statutory limit set forth by our legislature. The sentence was not excessive.

Craig's second contention is also without merit. Craig asserts that, because several of his juvenile convictions previously "washed out," the trial

---

[3] In his statement of additional grounds, Craig also appears to suggest that his current convictions encompassed the same course of criminal conduct. However, where a defendant fails to raise the issue of same criminal conduct at sentencing, the right to argue that issue on appeal is waived. State v. Jackson, 150 Wn. App. 877, 892, 209 P.3d 553 (2009). Here, Craig did not argue at sentencing that his offenses constituted the same criminal conduct and, accordingly, he cannot raise this issue for the first time on appeal.

court erred by including these prior convictions when calculating his offender score. However, in <u>State v. Varga</u>, 151 Wn.2d 179, 191, 86 P.3d 139 (2004), our Supreme Court clarified that the 2002 amendments to the Sentencing Reform Act of 1981, chapter 9.94A RCW, permit the consideration of previously washed out juvenile adjudications so long as the crime being sentenced was committed after the effective date of the amendments on June 13, 2002. Here, Craig committed his current offenses on April 7, 2011, well after the amendments' effective date. Accordingly, the trial court did not err by including these prior offenses when calculating Craig's offender score.

Affirmed.

We concur: