# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
)   No. 74041-5-I
          Respondent, )
)   DIVISION ONE
          v. )
)   UNPUBLISHED OPINION
MIKALA LINESE MCCULLEY, )
)
          Respondent. )   FILED: February 13, 2017

TRICKEY, J. — Mikala McCulley appeals her convictions for one count of second degree malicious mischief and two counts of reckless endangerment. McCulley claims that the jury instruction defining damages constituted an impermissible comment on the evidence and violated her right to a jury trial. We disagree because the jury instruction properly included statutory elements of damage. We conclude that any error in the jury instruction would have been harmless. McCulley also argues that there was insufficient evidence to support her conviction of reckless endangerment. There was sufficient evidence presented. We affirm.

## FACTS

McCulley and Emerson Miller have a daughter in common. Miller visited his daughter at McCulley's mother's house because there was a no-contact order between Miller and McCulley.

Miller was dating Jacklyn Clay in January 2014. On January 12, 2014, Clay drove Miller in a rented car to McCulley's mother's house to visit his daughter. Clay's two children were in the back seat of the car.

After Clay parked, she and Miller exited the car. McCulley appeared and approached Clay and Miller, Clay and McCulley began to argue, and Clay told McCulley

that her children were in the car.

Clay returned to her car in order to leave. Clay saw McCulley pick up an object from the ground. While Clay was pulling out of the parking lot, the rear window of her car shattered and McCulley ran away. Clay called 911.

The shattered glass from the rear window landed on Clay's children. The object that shattered the rear window also dented the trunk and scratched the interior of the car. The rental car company estimated the cost to repair the car would be between $1,400 and $1,600. Clay obtained an estimate of $931.16 from Cascade Collision Center, Inc.

McCulley was charged with one count of second degree malicious mischief and two counts of reckless endangerment. Following the close of the evidence, the court instructed the jury that damages included any diminution in the value of property as a consequence of an act, the reasonable cost of repairs, and any sales tax imposed.

The jury convicted McCulley on all counts. McCulley appeals.

## ANALYSIS

### Jury Instruction Error

McCulley argues that jury instruction 8 constituted an impermissible judicial comment on the evidence and violated her rights to a jury trial and due process by relieving the State of its burden of proving each element of the crime beyond a reasonable doubt. Because jury instruction 8 was stated in neutral terms and is a correct statement of the law governing the damages calculation for malicious mischief in the second degree, we disagree.

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." WASH. CONST. art. 4, § 16. An instruction is an

improper comment on the evidence when it resolves a contested factual issue for the jury. State v. Brush, 183 Wn.2d 550, 559, 353 P.3d 213 (2015). But a jury instruction that does no more than accurately state the law does not constitute an impermissible comment on the evidence. State v. Woods, 143 Wn.2d 561, 591, 23 P.3d 1046 (2001).

The United States Constitution and Washington Constitution provide that those accused of a crime have a right to an impartial jury. U.S. CONST. amend. VI; WASH. CONST. art. 1, § 22. Each element of a crime must be proved to the jury beyond a reasonable doubt to satisfy due process and the right to an impartial jury. United States v. Gaudin, 515 U.S. 506, 509-10, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995); In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). An instruction that relieves the State from its burden of proving an element of the crime beyond a reasonable doubt deprives the defendant of his or her constitutional rights. State v. Caldwell, 94 Wn.2d 614, 617-18, 618 P.2d 508 (1980) (citing Sandstrom v. Montana, 442 U.S. 510, 521-24, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)).

A court deprives a defendant of his or her right to a jury trial if it improperly withdraws a factual issue from the jury's consideration. State v. McPhail, 39 Wash. 199, 202-03, 81 P. 683 (1905); State v. Montgomery, 163 Wn.2d 577, 590, 183 P.3d 267 (2008) (citing Sofie v. Fibreboard Corp., 112 Wn.2d 636, 656, 771 P.2d 711 (1989)). A court may not instruct a jury in a manner that prevents it from considering necessary matters. State v. Abrams, 163 Wn.2d 277, 285, 178 P.3d 1021 (2008).

"A person is guilty of malicious mischief in the second degree if he or she knowingly and maliciously . . . [c]auses physical damage to the property of another in an amount exceeding seven hundred fifty dollars." RCW 9A.48.080(1)(a). For the purposes of the

statute defining malicious mischief in the second degree, "'[p]hysical damage,' in addition to its ordinary meaning[,] . . . includes any diminution in the value of any property as the consequence of an act and the cost to repair any physical damage." RCW 9A.48.100(1). RCW 9A.48.100(1) was amended in 2013 to add the cost of repair the physical damage to the definition of "[p]hysical damage" under the statute. LAWS OF 2013, ch. 322, § 1 (effective July 28, 2013)). Damages may also include sales tax incurred as an unavoidable cost of repairs to personal property. State v. Gilbert, 79 Wn. App. 383, 385, 902 P.2d 182 (1995).

Here, the court gave the following instructions on damages:

"Physical damage," in addition to its ordinary meaning, includes any diminution in the value of any property as the consequence of any act.

"Damages" include the reasonable cost of repairs to a damaged automobile to restore it to its former condition, including any sales tax imposed.[1]

Jury instruction 8 did not impermissibly comment on the evidence. Jury instruction 8 accurately stated that the calculation of damages for the purpose of malicious mischief in the second degree includes the reasonable cost of repairs, as declared in the statute. Jury instruction 8 did not remove a contested factual issue from the jury's consideration. Rather, it mirrored the statutory language that both diminution in value of property as a

---

[1] CP at 66. The parties and trial court cited 11A Washington Practice: Washington Pattern Jury Instructions: Criminal 88.03 (3d ed. 2008) (WPIC) and the holdings of State v. Ratliff, 46 Wn. App. 325, 328-29, 730 P.2d 716 (1986) and State v. Gilbert, 79 Wn. App. 383, 385, 902 P.2d 182 (1995) below as the basis for the jury instruction defining physical damage. Defense counsel below proposed to include the definition of "physical damage" as defined in RCW 9A.48.100, which would have included the cost of repair. The trial court denied this proposal, stating that the State's proposed instruction based on WPIC 88.03, Ratliff, and Gilbert was a correct statement of the law. McCulley cites RCW 9A.48.010 in support of her appeal. Neither party cites RCW 9A.48.100 on appeal. The comments explaining WPIC 88.03 note the statutory change, offering that it appears to be a codification of Ratliff.

consequence of an act and the cost to repair any physical damage are included in the calculation of "physical damage."

Similarly, jury instruction 8 did not deprive McCulley of her right to an impartial jury. The cost to repair physical damage is included in the calculation of "physical damage" under the statute. It did not relieve the State from proving an element of the charged crime beyond a reasonable doubt.

Jury instruction 8 did not impermissibly comment on the evidence or deprive McCulley of her rights to a jury trial and due process. The trial court's jury instruction on damages mirrored the statutory language and was therefore an accurate statement of the law.

### Harmless Error

Even if jury instruction 8 had been an impermissible comment on the evidence or infringed McCulley's right to an impartial jury and right to due process, the error would have been harmless.

"A constitutional error is harmless if the appellate court is assured beyond a reasonable doubt that the jury verdict cannot be attributed to the error." State v. Lui, 179 Wn.2d 457, 495, 315 P.3d 493 (2014). We will uphold the verdict if the untainted evidence is so overwhelming that it "necessarily leads to a finding of guilt." State v. Anderson, 171 Wn.2d 764, 770, 254 P.3d 815 (2011).

Here, McCulley's conviction of malicious mischief cannot be attributed to any instructional error contained in jury instruction 8. Only Cascade Collision Center's estimate of $931.16 was admitted into evidence as a measure of the cost to repair the

car.[2] This estimate did not include sales tax. The validity of this estimate as a measure of physical damage to the vehicle was not contested, and neither party offered an alternative measure of the damage to the vehicle.

The lowest measure of damages available for the jury's consideration was well above the statutory threshold of $750. Because no evidence was presented showing that the damage to the car was below the statutory threshold of $750, McCulley's conviction of malicious mischief cannot be attributed to any error in jury instruction 8. Thus, even if jury instruction 8 had infringed McCulley's substantive rights, the error would have been harmless.

### Sufficiency of the Evidence

McCulley argues that the State presented insufficient evidence to sustain her conviction of two counts of reckless endangerment. McCulley argues that her actions did not rise to the level of recklessness or create the risk of the amount of harm required under the statute. Sufficient evidence was presented that a rational trier of fact could have found the essential elements of reckless endangerment, and we affirm.

The State bears the burden of proving each element of the crime charged beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 477, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); In re Winship, 397 U.S. at 364; State v. Oster, 147 Wn.2d 141, 146, 52 P.3d 26 (2002). Evidence is sufficient to sustain a conviction if, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. State v. Green, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980).

---

[2] Higher estimates of the cost to repair the car were offered through testimony, but were not admitted as exhibits.

A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom, and all reasonable inferences are interpreted most strongly against the defendant. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992); State v. Gentry, 125 Wn.2d 570, 597, 888 P.2d 1105 (1995). Circumstantial and direct evidence are considered equally reliable when evaluating the sufficiency of the evidence. State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

"A person is guilty of reckless endangerment when he or she recklessly engages in conduct not amounting to drive-by shooting but that creates a substantial risk of death or serious physical injury to another person." RCW 9A.36.050(1). To convict a person of reckless endangerment, the State must prove beyond a reasonable doubt that the defendant knew of and disregarded a considerable risk, not a certainty, of death or serious physical pain or injury that his or her conduct posed to another, and that his or her behavior constituted a gross deviation from how a reasonable person would have acted based on the known facts. State v. Rich, 184 Wn.2d 897, 904-05, 365 P.3d 746 (2016).

The State presented sufficient evidence that a rational trier of fact could have found the essential elements of reckless endangerment beyond a reasonable doubt. Clay told McCulley that Clay's children were present in the car. As Clay drove the car away, McCulley picked up an object from the parking lot, the rear window of the car shattered, and McCulley ran away from the parking lot. A rational trier of fact could infer that McCulley threw something at Clay's car, knowing Clay's children were inside.

McCulley argues that there is insufficient evidence that her conduct created a substantial risk of harm to Clay's children. We disagree. Although the object that broke the rear window did not pass through into the car, it was thrown with enough force to

shatter the safety glass window and significantly dent the trunk of the car. The object itself presented a danger to the children at the time it came into contact with the rear window, as it could have passed through and struck one of the children. The glass from the broken window similarly presented a potential harm to the children, either from external cuts or the children ingesting pieces of glass.

The statute does not require the risk to actually result in harm to the person placed at risk. RCW 9A.36.050. Although Clay's children were not physically harmed by the glass or the thrown object, McCulley's actions created the risk of death or serious physical pain or injury to them. Therefore, a rational jury could have found that McCulley's actions constituted a gross deviation from how a reasonable person would have acted, and caused a considerable risk of death or serious physical harm to Clay's children. Viewed in the light most favorable to the State, the State presented sufficient evidence to sustain McCulley's conviction of two counts of reckless endangerment.

We affirm.

Trickey, J

WE CONCUR: